UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

---

DONNA L. FRIEDEBERG,

              Plaintiff,

-against-

EITHER MS. BRODERICK OR MS. BROSNON WHICHEVER IS THE RESIDENT WOMAN AT #15 RIPLEY PLACE, NORWICH, CT 06360,

              Defendant.

1:25-CV-8248 (LTS)

TRANSFER ORDER

---

LAURA TAYLOR SWAIN, Chief United States District Judge:

Donna L. Friedeberg, of Norwich, Connecticut, brings this action *pro se*. She sues "either Ms. Broderick or Ms. Bronson[,] whichever is the resident woman at #15 Ripley Place, Norwich," Connecticut.[1] For the following reasons, the Court transfers this action to the United States District Court for the District of Connecticut.

## DISCUSSION

The appropriate venue provision for Plaintiff's claims is found at 28 U.S.C. § 1391(b). Under that provision, unless otherwise provided by law, a federal civil action may be brought in:

> (1) a judicial district in which any defendant resides, if all defendants are residents of the State in which the district is located; (2) a judicial district in which a substantial part of the events or omissions giving rise to the claim occurred, or a substantial part of property that is the subject of the action is situated; or (3) if there is no district in which an action may otherwise be brought as provided in this section, any judicial district in which any defendant is subject to the court's personal jurisdiction with respect to such action.

28 U.S.C. § 1391(b). For the purposes of this provision, a "natural person" resides in the judicial district where the person is domiciled. § 1391(c)(1).

---

[1] Plaintiff has not signed her complaint, and she has not paid the fees to bring this action nor submitted an *in forma pauperis* application.

Plaintiff seems to allege that the defendant resides in Connecticut. The State of Connecticut constitutes one federal judicial district. *See* 28 U.S.C. § 86. Thus, the United States District Court for the District of Connecticut, and not this court, is a proper venue for this action under Section 1391(b)(1). In addition, the alleged events that are the bases for Plaintiff's claims appear to have all taken place in Connecticut; Plaintiff alleges nothing to suggest that any of those events took place within this judicial district.[2] Thus, the United States District Court for the District of Connecticut, and not this court, is a proper venue for this action under Section 1391(b)(2). Accordingly, this court is not a proper venue for this action and the United States District Court for the District of Connecticut is the only proper venue for this action.

Under 28 U.S.C. § 1406, if a plaintiff files an action in the wrong venue, the Court "shall dismiss, or if it be in the interest of justice, transfer such case to any district or division in which it could have been brought." 28 U.S.C. § 1406(a). Plaintiff is suing a person who resides in Connecticut, arising from events that, Plaintiff alleges, all occurred in Connecticut. Accordingly, as discussed above, the only proper venue for this action is the United States District Court for the District of Connecticut. In the interest of justice, the Court transfers this action to that court. *See id*.

## CONCLUSION

The Court directs the Clerk of Court to transfer this action to the United States District Court for the District of Connecticut. Whether Plaintiff should be permitted to proceed further without prepayment of fees is a determination to be made by the transferee court. A summons shall not issue from this court. This order closes this action in this court.

---

[2] Plaintiff has attached to her complaint a copy of a complaint styled for a Connecticut state court. It appears that, within that attached complaint, most, if not, all of the alleged events also occurred in Connecticut.

The Court certifies, under 28 U.S.C. § 1915(a)(3), that any appeal from this order would not be taken in good faith and, therefore, *in forma pauperis* status is denied for the purpose of an appeal. *See Coppedge v. United States*, 369 U.S. 438, 444-45 (1962).

SO ORDERED.

Dated: October 16, 2025
        New York, New York

                                            /s/ Laura Taylor Swain
                                            LAURA TAYLOR SWAIN
                                            Chief United States District Judge